[Cite as *State v. Rogers*, 2012-Ohio-4598.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98059

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMALE ROGERS

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-438533

**BEFORE:** Cooney, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**FOR APPELLANT**

Demale Rogers, pro se
Inmate #462-269
Marion Correctional Institution
P.O. Box 57
Marion, OH 43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Defendant-appellant, Demale Rogers ("Rogers"), appeals the trial court's denial of his motion for amended journal entry and for sentencing. We find no merit to the appeal and affirm.

**{¶2}** In 2003, Rogers was charged with aggravated murder pursuant to R.C. 2903.01, with a firearm specification, and having a weapon while under disability. He pled guilty to murder under R.C. 2903.02, and the court sentenced him to 15 years to life imprisonment with the maximum period of postrelease control. Rogers filed a direct appeal, but his appeal was dismissed for failure to file the record.

**{¶3}** In February 2012, Rogers filed a motion for an amended journal entry and motion for sentencing. The trial court denied the motion, and this appeal followed.

**{¶4}** In his sole assignment of error, Rogers argues the trial court erred when it overruled his motion for amended journal entry and for sentencing. He contends that his conviction and sentence are void because the indictment charging him with murder and the subsequent journal entry of conviction and sentence were never properly filed with the clerk of courts. He claims the time-stamps on the indictment and journal entries fail to demonstrate that these documents were actually filed with the court. As such, he argues, the trial court never had jurisdiction to hear this case.[1]

---

[1]The State argues Rogers's motion constitutes an untimely petition for postconviction relief

**{¶5}** It is well-established that a court speaks through its journal and an entry is effective only when it has been journalized. Crim.R. 32(B); *State ex rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 5. "To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court." *State v. Ellington*, 36 Ohio App.3d 76, 78, 521 N.E.2d 504 (9th Dist.1987). The time-stamped date offers some evidence of its filing. *Id.*

**{¶6}** Indictments are not court decisions and, therefore, do not require a judge's signature. To be valid, Crim.R. 6(C) and (F) require that the grand jury foreman sign the indictment and that the clerk endorse the filing date upon it. *State v. Pillow*, 2d Dist. No. 2010-CA-71, 2011-Ohio-4294, ¶ 19. Crim.R. 7(B) requires the prosecuting attorney or assistant prosecuting attorney sign the indictment. All of these requirements have been met, and the indictment was properly made part of the court's record. Furthermore, Rogers's guilty plea in 2004 constituted a waiver of any defects in the indictment. *State v. Moree*, 8th Dist. No. 90894, 2009-Ohio-472, ¶ 21, quoting *State v. Salter*, 8th Dist. No.

---

under R.C. 2953.21. However, Rogers asserts that his sentence is void because the court lacked jurisdiction. A "void judgment" may be attacked in any proceeding, direct or collateral, and such an attack should not be reclassified as a petition for postconviction relief. *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 19 (9th Dist.). The only issue asserted in this appeal relates to the validity of the trial court's jurisdiction and its judgment of conviction and sentence.

82488, 2003-Ohio-5652.    Therefore, we find no defects in the indictment that would preclude the trial court from having jurisdiction over this case.

{¶7}   We also find a valid judgment of conviction and sentence was properly journalized and made part of the court's record.  A judgment of conviction is a valid, final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature,  and (4) the time stamp indicating the entry upon the journal by the clerk.  *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14; Crim.R. 32(C).

{¶8}   The judgment entry of conviction and sentence filed in this case    meets all these substantive requirements.   It was signed by the judge and time stamped by the clerk upon filing.   It was also noted on the court's docket and is included in the record on appeal.

{¶9}   Having found no jurisdictional deficiencies in either the indictment or the judgment entry of conviction and sentence, we overrule the sole assignment of error.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR