[Cite as *State v. Nicholson*, 2012-Ohio-4591.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97873**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JOHNATHAN NICHOLSON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-506069

**BEFORE:** Sweeney, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**ATTORNEYS   FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: John Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 400
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1}   Defendant-appellant Johnathan Nicholson ("defendant") appeals the court's denial of his motion to withdraw guilty plea.   After reviewing the facts of the case and pertinent law, we affirm.

{¶2}   On September 8, 2007, defendant, who is mentally ill, and his cousin Franco Stephens were walking on E. 114th St. when they came across a group of men playing dice in a driveway.    Stephens asked to join the game, but the group turned him down.   A fight broke out, and defendant fatally shot two of the men.

{¶3}   Defendant and Stephens were indicted on multiple counts including aggravated murder and aggravated robbery.   On September 5, 2008, a jury found Stephens guilty of two counts of murder and one count of attempted murder under an aiding and abetting theory.

{¶4}   On January 22, 2009, defendant pled guilty to two counts of aggravated murder, four counts of aggravated robbery, and one count of attempted aggravated murder.   The court agreed to the recommended prison sentence of "an aggregate of life to 50 years with no chance for parole."

{¶5}   On December 3, 2009, this court reversed Stephens's convictions on appeal for insufficient evidence.   *State v. Stephens*, 8th Dist. No. 92430, 2009-Ohio-6305.   In short, this court held that "Stephens was either unconscious * * * or just dazed and getting up * * * when [defendant] opened fire.   There was no testimony of any communication between [defendant] and Stephens" about the shootings.   *Id.* at ¶ 16.

Therefore, the court concluded, there was no evidence that Stephens aided and abetted defendant.

**{¶6}** On April 4, 2011, defendant filed a pro se motion to withdraw his guilty plea. In June 2011, defendant was assigned counsel and a pretrial was held. Two supplemental briefs were filed in support of his plea withdrawal, an evidentiary hearing was requested, and an additional pretrial was held in August 2011.

**{¶7}** The gist of defendant's pro se motion is that because the trial court in Stephens's case granted a Crim.R. 29 dismissal as to "all matters having to do with robbery," it was a manifest miscarriage of justice for defendant to plead guilty to aggravated robbery. *Stephens*, at ¶ 9.

**{¶8}** In defendant's first supplemental brief in support of his motion to withdraw his plea, he argues that since he has entered his plea, "new evidence has come to light." This "new evidence" is the *Stephens* court's concurrence with the trial court that "the record is utterly devoid of any evidence of a robbery." *Stephens*, at ¶ 13.

**{¶9}** Additionally, defendant attached two of his own affidavits, the first of which states the following, among other things: that he pled guilty based on counsel's advice to avoid the death penalty; that he did not plan the deaths of the victims; and that he did not commit robbery.

**{¶10}** Defendant's second affidavit contains the following information: After Stephens's request to join the dice game was refused, one of the men pistol-whipped defendant in the face and then began beating Stephens. According to defendant, he shot

this man because he feared "serious bodily harm or death to" Stephens, and he shot the second victim because the man "pulled out a chrome pistol * * *." This affidavit states that what "occurred on the night in question [was] a spontaneous eruption of events."

{¶11} In defendant's second supplemental brief in support of his motion to withdraw his guilty plea, he introduces Stephens's affidavit, which confirms that Stephens was kept out of the dice game, punched in the face, and knocked to the ground. Stephens stated the following about what occurred next: "I am not sure what happened immediately after I was knocked out, but I got up and ran from the driveway as quickly as I could, and I heard gun shots."

{¶12} On December 27, 2011, the court denied defendant's motion to withdraw his guilty plea without conducting a hearing, finding that defendant failed to establish a manifest injustice. Specifically, the court found that the reversal of Stephens's convictions did not impact defendant's plea, and Stephens's affidavit was not compelling.

{¶13} Defendant appeals and raises two assignments of error for our review.

I.

The trial court, in violation of appellant's rights under the United States and Ohio Constitutions, abused its discretion when it denied appellant's motion to withdraw his guilty plea.

II.

The trial court, in violation of appellant's rights under the United States and Ohio Constitutions, erred when it denied appellant's motion to withdraw his guilty plea without holding a hearing.

**{¶14}** A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which states:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶15}** Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). This court has stated that

> [a] manifest injustice is defined as a "clear or openly unjust act," * * * "an extraordinary and fundamental flaw in the plea proceeding." Again, "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.

*State v. Sneed*, 8th Dist. No. 80902, 2002-Ohio-6502.

**{¶16}** "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith*, at paragraph two of the syllabus. Our review is limited such that we cannot reverse the trial court's denial of the motion unless we find that the ruling was an abuse of discretion. *Id.*

**{¶17}** The trial court need not hold an evidentiary hearing on the post-sentence motion to withdraw a guilty plea if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to

demonstrate a manifest injustice." *State v. Russ*, 8th Dist. No. 81580, 2003-Ohio-1001 (citations omitted).

> The courts have consistently held that a trial court need not hold an evidentiary hearing in a motion to withdraw a plea if the only evidence provided consists of affidavits from interested parties which conflict with the facts elicited at the plea hearing. * * * [Thus,] [t]he trial court cannot grant a motion to withdraw a plea based upon an affidavit which directly contradict[s] the record.

*State v. Yearby*, 8th Dist. No. 79000, 2002 Ohio App. LEXIS 199 (Jan. 24, 2002), citing *State v. Winters*, 5th Dist. No. 97CA144, 1998 Ohio App. LEXIS 3552 (July 20, 1998).

**{¶18}** In the instant case, when defendant pled guilty on January 22, 2009, he was aware that Stephens's motion for acquittal had been granted on the robbery charges on September 5, 2008. Therefore, we cannot say this was newly discovered evidence leading to a manifest miscarriage of justice. *See State v. Kenney*, 8th Dist. Nos. 81752 and 81879, 2003-Ohio-2046, ¶ 45 (newly discovered evidence "must not be evidence which was in existence and available for use at the time of trial and which could and should have been submitted at trial if the defendant wished to use it").

**{¶19}** Turning to the aggravated and attempted aggravated murder charges, defendant relies on three affidavits to support his argument that the deaths of the two victims were not premeditated and that he acted spontaneously or in defense of Stephens on the night in question. Ohio courts have consistently held that affidavits from interested parties such as defendants, co-defendants, and family members are self-serving and may be discounted. *State v. Spencer*, 8th Dist. No. 92992, 2010-Ohio-1667; *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583 (10th Dist.)

**{¶20}** Furthermore, Stephens's affidavit states that he was "not sure what happened immediately after [he] was knocked out," but he "heard gun shots" as he was running away. Despite admitting that he had no firsthand knowledge of "what happened," Stephens reaches the following conclusion: "I believe [defendant] may have saved my life that night. I think he was defending me and himself in response to a sudden attempt to assault me and take my money." Stephens's affidavit does not support defendant's argument that he was acting in defense of Stephens. Rather, the affidavit is not inconsistent with the testimony at Stephens's trial that defendant fired the first shot while Stephens was either still knocked out or dazed and getting up. Newly discovered evidence

> must meet some threshold standard of cogency; * * * [it must be more than] simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.

*State v. Coleman*, 1st Dist. No. C-900811, 1993 Ohio App. LEXIS 1485, *21 (Mar. 17, 1993).

**{¶21}** Accordingly, we cannot say that the court abused its discretion in denying defendant's motion to withdraw his guilty plea without conducting a hearing. Defendant's first and second assignments of error are overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR