[Cite as *State v. Poole*, 2013-Ohio-1434.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                        )
                                       )      CASE NO.  12 MA 108
     PLAINTIFF-APPELLEE,              )
                                       )
    - VS -                              )      OPINION
                                       )
MARCUS POOLE,                          )
                                       )
     DEFENDANT-APPELLANT.             )

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Common Pleas
                                  Court, Case No. 94 CR 336.

JUDGMENT:                         Affirmed.

APPEARANCES:
For Plaintiff-Appellee:           Attorney Paul J. Gains
                                  Prosecuting Attorney
                                  Attorney Ralph M. Rivera
                                  Assistant Prosecuting Attorney
                                  21 W. Boardman St., 6th Floor
                                  Youngstown, OH  44503

For Defendant-Appellant:          Marcus Poole, Pro-se
                                  #300-531
                                  Trumbull Correctional Institute
                                  5701 Burnett Road
                                  P.O. Box 901
                                  Leavittsburg, OH  44430

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  March 25, 2013

DeGenaro, P.J.

{¶1} Pro-se Defendant-Appellant, Marcus Poole, appeals the decision of the Mahoning County Court of Common Pleas denying his motion for strict compliance and for determination of jurisdiction. On appeal, he first argues that the trial court exceeded its jurisdiction because the firearm specifications in the indictment identified him by an incorrect name and because the trial court imposed an improper sentence on these specifications. Second, he contends that the indictment and sentencing entry were not properly filed and thus, the trial court lacked jurisdiction over the matter.

{¶2} Poole's arguments are meritless. First, the trial court properly amended the indictment to correct the wrong name in the firearm specifications. Even if the trial court had not amended the indictment, Poole is challenging the sufficiency of the indictment; not only is the issue waived on appeal and barred by res judicata; the trial court properly sentenced Poole on the firearm specifications as charged in the indictment. Second, both the indictment and sentencing entry were time-stamped and contain no jurisdictional defects. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} On April 22, 1994, the Mahoning County Grand Jury indicted Poole on two counts of aggravated murder (R.C. 2903.01(A)(C)), with two firearm specifications ( R.C. 2941.141 and R.C. 2929.71(A)). Although the two counts of aggravated murder named Poole correctly, the firearm specifications charged a "Marcus Easterly." On May 31, 1994, the State filed a "motion to correct specification," requesting that the court amend the indictment to reflect the correct name of the defendant pursuant to Crim.R. 7(D). The trial court sustained the State's motion to amend the indictment on June 10, 1994.

{¶4} Poole was subsequently convicted following a jury trial of the two counts of aggravated mrder with the two accompanying firearm specifications. In a November 3, 1994 judgment entry, the trial court imposed two consecutive terms of life imprisonment. The court also sentenced Poole to three years of actual incarceration on each of the two firearm specifications, to be served prior to and consecutive to the terms of life imprisonment, and consecutive to each other. On direct appeal, this court affirmed. *State v. Poole*, 116 Ohio App.3d 513, 688 N.E.2d 591 (7th Dist.1996); discretionary

appeal dismissed; *State v. Poole*, 78 Ohio St.3d 1453, 677 N.E.2d 814 (1997).

{¶5} On May 9, 2012, Poole filed a pro-se motion "for strict compliance and for determination of jurisdiction with the trial court," which we have construed as arguing that the trial court's November 3, 1994 sentencing entry failed to comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. He also claimed that the trial court lacked jurisdiction because the indictment was not properly filed by the clerk of courts. The trial court denied Poole's motion for strict compliance and for determination of jurisdiction finding the sentencing entry complied with Crim.R. 32(C) and *Baker*. Further, the trial court found that Poole's arguments concerning the indictment were barred by res judicata as he should have raised them during his direct appeal; moreover that Poole failed to present anything to establish his indictment was defective or that it was not properly filed by the clerk of courts.

## Sufficiency of the Indictment

{¶6} In his first of two assignments of error, Poole argues:

{¶7} "Trial court exceeded its jurisdiction when it tried convicted and sentence [sic.] defendant on an un-indicted firearm specification pursuant to R.C. 2941.145 (3) year."

{¶8} Poole asserts because his sentences for the firearm specifications are void the convictions and sentences must be vacated and the case reversed for a new trial. He argues the firearm specifications in the indictment identify him by the wrong name, and the trial court imposed three years of actual incarceration on each firearm specification pursuant to R.C. 2941.145, when the specification in the indictment, R.C. 2941.141, provides for a one-year sentence.

{¶9} The State filed a motion to amend the indictment to correct this defect pursuant to Crim.R. 7(D), which the trial court sustained. "Under Crim.R. 7(D), a court may amend an indictment 'at any time' if the amendment does not change 'the name or identity of the crime charged.'" *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶1. Poole has not challenged the trial court's decision to amend the indictment, and neither party acknowledged this amendment in their briefs. Moreover, the

amendment was proper, as it did not change the name or the identity of the charged offenses. Thus, Poole's argument is meritless.

**{¶10}** Poole additionally argues that the identification error in the indictment is jurisdictional, such that the judgment is void and may be attacked at any time, including in a collateral proceeding. In response, the State contends that Poole is barred from raising this issue on appeal because he did not specifically raise it in his motion for strict compliance and for determination of jurisdiction. Moreover, the State claims that Poole's argument is barred by res judicata.

**{¶11}** The Ohio Supreme Court has recognized that when a defendant challenges an indictment for identifying the defendant by an incorrect name, the defendant challenges the sufficiency of the indictment, not the jurisdiction of the sentencing court. *State ex rel. Simpson v. Lazaroff*, 75 Ohio St.3d 571, 664 N.E.2d 937 (1996). Thus, because Poole is not raising a jurisdictional error, it appears that he should have raised his argument prior to trial pursuant to Crim.R. 12(C)(2). *See State v. Jones*, 6th Dist. No. L-09-1181, 2009-Ohio-6498, ¶15; *State v. Bragwell*, 7th Dist. No. 06-MA-140, 2008-Ohio-3406, ¶14-15. Poole neither raised this issue prior to trial nor did he specifically raise it in his motion before the trial court; thus, he is precluded from raising this issue now on appeal.

**{¶12}** Moreover, Poole's argument is barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Davis*, 7th Dist. No. 11-MA-53, 2012-Ohio-4112, ¶8, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Because Poole is challenging the sufficiency of the indictment, this information was available to him prior to the original judgment or during direct appeal; however, he failed to present this argument at either opportunity, and it is thus barred by res judicata.

**{¶13}** Poole next argues the trial court erred in imposing three years instead of

one year on each firearm specification; by doing so the trial court exceeded its jurisdiction and thus the firearm specifications are void and subject to collateral attack.

{¶14} "[I]mposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence void ab initio." *State v. McCall*, 7th Dist. No. 12 MA 57, 2012-Ohio-5604, ¶17, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶29, fn. 3. While Poole argues that the trial court sentenced him on each firearm specification pursuant to R.C. 2941.145, the record lacks any evidence that the trial court sentenced Poole according to this statute. Poole was indicted for firearm specifications pursuant to Former R.C. 2929.71(A), which provides:

> (A) The court shall impose a term of actual incarceration of three years in addition to imposing a life sentence pursuant to section 2907.02, 2907.12, or 2929.02 of the Revised Code or an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code, if all of the following apply:
>
> (1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code.
>
> (2) The offender also is convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. * * *

*Id.*

{¶15} Former R.C. 2941.141(A) provides the term of actual incarceration under R.C. 2929.71(A) can only be imposed if the indictment contains a proper firearm specification in the following form:

> "SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT), The Grand Jurors * * * further find and specify that (set forth that the offender

had a firearm on or about his person or under his control while committing the offense)."

*Id.*

**{¶16}** Here, the indictment contains the proper language for the firearm specification pursuant to Former R.C. 2941.141(A). Thus, the trial court properly sentenced Poole to three years of actual incarceration on each firearm specification pursuant to Former R.C. 2929.71(A) and Former R.C. 2941.141(A), as set forth in the indictment. Accordingly, Poole's first assignment of error is meritless.

### Compliance with Crim.R. 32(C)

**{¶17}** Poole asserts in his second assignment of error:

**{¶18}** "Whether, and in light of the holding in State v. Baker, 119 Ohio St. 3d 197, and Crim.R. 32(C), the failure of the trial court to properly file, time-stamp, and journalize either the: *INDICTMENT (including the JOURNAL ENTRY finding guilt and imposing sentence) the trial court ever possessed competent subject matter or personal jurisdiction over the defendant."

**{¶19}** In *Baker*, the Ohio Supreme Court held that a judgment of conviction complies with Crim.R. 32(C) and constitutes a final appealable order when it sets forth four elements. *Id.* at syllabus. The Court recently modified *Baker* in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, by holding that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)" *Id.* at paragraph one of the syllabus.

**{¶20}** Poole contends the judgment entry of sentence was not properly filed, time-stamped or journalized in violation of Crim.R. 32(C). However, the November 3, 1994 judgment entry contains a time-stamp from the Mahoning County Clerk of Courts; specifies that Poole was found guilty following a jury trial of two counts of aggravated

murder with firearm specifications; sets forth his sentence; and contains the trial judge's signature. Thus, the judgment entry of conviction was a valid, final appealable order in compliance with Crim.R. 32(C).

**{¶21}** As to the indictment, the jurisdiction of the trial court "vests by the return of a valid indictment." *State v. Wilson*, 2d Dist. No. 21738, 2007-Ohio-4885, ¶23. The trial court found that Poole's argument concerning whether the indictment was time-stamped was barred by res judicata. However, Poole is asserting that the trial court lacked subject matter jurisdiction and thus rendered a void sentence, to which the doctrine of res judicata would not apply. *See McCall* at ¶14, 16. Not only does res judicata bar Poole's argument, it lacks merit. The indictment in the record contains a time-stamp from the Mahoning County Clerk of Courts, which is evidence that the indictment was properly filed. *See Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶8-9, *judgment vacated in part on reconsideration on other grounds*, 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260. Thus, the indictment was properly filed and the trial court obtained jurisdiction over the matter. Accordingly, the trial court did not err in overruling Poole's motion for strict compliance and for determination of jurisdiction, and Poole's second assignment of error is meritless.

**{¶22}** In conclusion, Poole's arguments are meritless. The trial court properly amended the indictment to correct the wrong name in the firearm specifications and the court properly sentenced Poole on these specifications as charged in the indictment. Furthermore, both the indictment and sentencing entry were time-stamped and contain no jurisdictional defects. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.