[Cite as *State v. Rogers*, 2013-Ohio-3246.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99246**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMALE ROGERS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-438533

**BEFORE:** Rocco, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

-i-

**APPELLANT**

Demale Rogers, Pro Se
Inmate #462-269
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Adam Chaloupka
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Demale Rogers appeals the trial court's denial of his motion to vacate his guilty plea after he pled guilty to murder in violation of R.C. 2903.02.

{¶2} Rogers presents two assignments of error. In his first assignment of error, Rogers contends that the trial court erred in denying his motion to withdraw his guilty plea where the trial court had erroneously indicated, during the plea colloquy, that Rogers would be subject to a period of postrelease control if he was released from prison. In his second assignment of error, Rogers claims that the trial court's failure to "render a verdict or finding of guilt" "in open court" with respect to his guilty plea violated Crim.R. 32(C), such that the trial court's judgment setting forth his conviction and sentence was not a final, appealable order.

{¶3} Having reviewed the record, this court finds no merit to Rogers's arguments. Consequently, his assignments of error are overruled, and the trial court's judgment is affirmed.

**Factual and Procedural Background**

{¶4} In June 2003, Rogers was charged with one count of aggravated murder in violation of R.C. 2903.01, with a firearm specification pursuant to R.C. 2941.145, and one count of having a weapon while under disability in violation of R.C. 2923.13. In

February 2004, as part of a negotiated plea agreement, Rogers pled guilty to an amended charge of murder under R.C. 2903.02, and the firearm specification and remaining charge of having a weapon while under a disability were nolled.

{¶5} Before accepting Rogers's plea, the trial court conducted the plea colloquy required under Crim.R. 11. In discussing the penalty Rogers could receive for his crime, the trial court erroneously stated that Rogers would be subject to a period of postrelease control at the conclusion of his sentence if he was released from prison:

> THE COURT: Do you understand as well the penalty for this crime is a term in prison anywhere from 15 years to life?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that you will serve the full term of that sentence? You don't get time off for good behavior, and I believe post release control will apply to this, am I correct, counsel?
>
> MR. STANTON: That's correct, your Honor.
>
> THE COURT: Even when you get out of prison, you will be ordered to report to the Parole Board for a period of time. And if you don't meet their conditions, they can ship you back to prison for up to half your original sentence. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

{¶6} At the end of the plea colloquy, the trial court accepted Rogers's guilty plea to the murder charge and sentenced Rogers to a prison term of 15 years to life along with a period of postrelease control for the maximum period allowed under R.C. 2967.28.

{¶7} The trial court's February 23, 2004 journal entry setting forth Rogers's plea and sentence included the following:

DEFENDANT WAS ADVISED OF ALL CONSTITUTIONAL RIGHTS AND PENALTIES.

ON RECOMMENDATION OF THE PROSECUTOR COUNT 1 IS AMENDED TO READ MURDER RC 2903.02(B) FELONY.

DEFENDANT RETRACTS FORMER PLEA OF NOT GUILTY AND ENTERS A PLEA OF GUILTY TO MURDER RC 2903.02(B) FELONY SB2 AS AMENDED IN COUNT 1.

COURT FINDS DEFENDANT GUILTY.  COUNT 2 IS NOLLED.
* * *

THE COURT IMPOSES A PRISON TERM AT LORAIN CORRECTIONAL INSTITUTION OF 15 YEARS TO LIFE. * * *

POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR THE MAXIMUM PERIOD ALLOWED FOR THE ABOVE FELONY(S) UNDER R.C. 2967.28.

**{¶8}** Rogers filed a notice of appeal on March 26, 2004; however, his appeal was later dismissed for failure to file the record.

**{¶9}** Nearly eight years later, in February 2012, Rogers filed a motion for an amended journal entry and a motion for sentencing with the trial court.  Rogers argued that his conviction and sentence were void because the indictment and subsequent journal entry setting forth his conviction and sentence were not properly filed with the clerk of courts and because the journal entry imposed "an unauthorized and unspecified term of post-release control."  The trial court denied the motion, and Rogers once again appealed to this court.  On appeal, this court affirmed the trial court's ruling, concluding that there were no jurisdictional defects with the indictment and that the trial court's February 26, 2004 judgment entry was properly journalized, met all of the substantive requirements of a

valid judgment, and was a final, appealable order under R.C. 2505.02. *State v. Rogers*, 8th Dist. No. 98059, 2012-Ohio-4598, ¶ 6-9 ("*Rogers I*").

{¶10} In November 2012, Rogers filed a motion for leave to withdraw his guilty plea with the trial court, arguing that his guilty plea should be vacated because (1) no verdict or finding of his guilt was ever made "in open court" and (2) the trial court erroneously advised him, during the plea colloquy, that he would be subject to a period of postrelease control following the conclusion of his sentence.

{¶11} On November 9, 2012, the trial court denied Rogers's motion without a hearing, concluding that the February 26, 2004 journal entry "confirms that the court * * * found the defendant guilty" based on his guilty plea and that because postrelease control did not apply to murder, the trial court's "inaccurate advisement" regarding postrelease control was "meaningless and irrelevant."

{¶12} Rogers appeals from the trial court's order denying his motion to withdraw his guilty plea, raising the following two assignments of error.

ASSIGNMENT OF ERROR NO. I:

Whether the trial court abused its discretion thereby violating due process when it denied "without hearing" defendant's properly pled and substantively supported motion for leave to withdraw guilty plea.

ASSIGNMENT OF ERROR NO. II:

Whether the trial court's failure to "render a verdict or finding of guilt" with respect to the underlying plea "on the record" implicates due process and results in a lack of a final appealable order.

**Judgment of Conviction a Final, Appealable Order**

{¶13} For ease of discussion, we consider Rogers's second assignment of error first. In his second assignment of error, Rogers claims that the trial court's February 26, 2004 judgment entry was deficient because the trial judge only "accepted" Rogers's plea during the plea hearing and never "rendered a verdict" or stated "a finding of guilt" "on the record" and "in open court." As such, Rogers contends the February 26, 2004 judgment entry setting forth his conviction and sentence did not comply with Crim.R. 32(C) and was not a final, appealable order. We disagree.

{¶14} Crim.R. 32(C) provides:

A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶15} A court "speaks through its journal." *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 15 ("'A court of record speaks only though its journal and not by oral pronouncement or mere written minute or memorandum.'"), quoting *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus. The trial court's February 26, 2004 journal entry clearly states that Rogers "enters a

plea of guilty to murder R.C. 2903.02(B) felony SB2 as amended in Count 1." The journal entry also states that the "Court finds Defendant guilty." There is no requirement that a trial court must, in addition to filing a journal entry setting forth a defendant's guilty plea, also "render a verdict" or orally pronounce a separate finding of guilt "in open court" following its acceptance of the defendant's guilty plea. *Cf. State v. Beachum*, 6th Dist. Nos. S-10-041 and S-10-042, 2012-Ohio-285, ¶ 17-19 (rejecting argument that judgments were deficient that referred to the fact that defendant had pled guilty to applicable offenses but did not state whether pleas were accepted by the court or whether any verdict or finding of guilt was made).

**{¶16}** As the Ohio Supreme Court explained in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, where, as here, a defendant's conviction arises out of a guilty plea, a verdict or separate finding of guilt is not required in order for a judgment of conviction to comply with Crim.R. 32(C):

> There are four ways that a defendant can be convicted of a criminal offense. A defendant may plead guilty either at the arraignment or after withdrawing an initial plea of not guilty or not guilty by reason of insanity. A defendant may enter a plea of no contest and be convicted upon a finding of guilt by the court. A defendant may be found guilty based upon a jury verdict. A defendant also may be found guilty by the court after a bench trial. Any one of these events leads to a sentence. * * * The phrase within Crim.R. 32(C) that has caused confusion is that a judgment of conviction must include "the plea, the verdict or findings, and the sentence." The Ninth District has stated that there are five elements that constitute a judgment of conviction: (1) the plea; (2) the verdict or findings; (3) the sentence; (4) the signature of the judge; and (5) the time stamp of the clerk to indicate journalization. [*State v. Miller*, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, ¶ 5.] * * * [However,] not all four methods of

conviction have all five elements. Unlike a plea of no contest, which requires a trial court to make a finding of guilt, *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998), *a plea of guilty requires no finding or verdict*. *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927) ("*A plea of guilty* differs in purpose and effect from a mere admission or an extrajudicial confession; it *is itself a conviction*. Like a verdict of a jury it is conclusive. *More is not required; the court has nothing to do but give judgment and sentence*.").

(Emphasis added.) *Id.* at ¶ 12-15.

**{¶17}** The *Baker* court further held that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth four essential elements:

(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence.

*Id.* at ¶ 18.

**{¶18}** In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Ohio Supreme Court clarified its holding in *Baker,* and held that a judgment of conviction need not state the manner of conviction (e.g., a plea or a verdict) in order to constitute a final, appealable order. Instead, the judgment need only set forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *Id.* at ¶ 9-14; *see also State v. Harris*, 132 Ohio St.3d 318, 323, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 22.

**{¶19}** Thus, Rogers's guilty plea was itself a conviction. By stating in its journal entry that Rogers had "enter[ed] a plea of guilty to murder," the

trial court satisfied the requirement that a judgment set forth "the fact of conviction." The trial court was not further required to make a specific finding of guilt or to render a guilty verdict by means of an oral pronouncement "in open court" in order to comply with Crim.R. 32(C).

**{¶20}** Rogers also argues that the trial court's February 26, 2004 judgment entry setting forth his conviction and sentence was deficient because it did not contain a time stamp and, therefore, was not properly filed or journalized under Crim.R. 32(C). This argument was previously made and rejected in *Rogers I*. In *Rogers I*, this court determined that the February 26, 2004 journal entry setting forth Rogers's conviction and sentence "was properly journalized and made a part of the court's record." *Rogers*, 8th Dist. No. 98059, 2012-Ohio-4598, at ¶ 7-8. Accordingly, Rogers cannot raise this issue again in his motion to withdraw his guilty plea. "[R]es judicata precludes him from re-litigating the same issues with the hope of obtaining a different result." *State v. Hildebrand*, 2d Dist. No. 2012-CA-48, 2013-Ohio-2122, ¶ 5.

**{¶21}** The trial court's February 26, 2004 journal entry complies with the requirements of Crim.R. 32(C), *Baker*, and *Lester*. It sets forth "the fact of the conviction" — the guilty plea giving rise to Rogers's conviction — and the sentence — a prison term of 15 years to life along with a period of postrelease control for the maximum period allowed under R.C. 2967.28.[1] The journal entry was signed by the trial judge, was

---

[1]Rogers also argues that the February 26, 2004 journal entry was deficient because "no verdict

journalized by the clerk of courts, is listed on the docket, and includes a date stamp indicating when the journal entry was filed. *Rogers* at ¶ 7-8; *see also State v. Poole*, 7th Dist. No. 12 MA 108, 2013-Ohio-1434, ¶ 19; *State v. Porch*, 7th Dist. No. 12 MA 85, 2013-Ohio-754, ¶ 4-7, 10. Rogers's second assignment of error is overruled.

**Motion to Vacate Guilty Plea**

**{¶22}** In his first assignment of error, Rogers contends that because the trial court, in advising him of the maximum penalty he could expect to receive for his offense during the plea colloquy, erroneously informed Rogers that he would be subject to a period of postrelease control if he was released from prison, his guilty plea was not knowingly, intelligently, and voluntarily entered. As such, Rogers argues, the trial court erred in denying his request to withdraw his guilty plea. The state argues in response that Rogers failed to demonstrate that he was prejudiced by the trial court's improper reference to postrelease control during the plea colloquy and that res judicata precludes Rogers from challenging the validity of his guilty plea.

**{¶23}** The withdrawal of a guilty plea is governed by Crim.R. 32.1, which states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

---

or sentence was rendered or imposed" with respect to the firearm specification charged in the indictment. However, this is because Count 1 of the indictment was amended and the firearm specification deleted as part of the plea agreement.

**{¶24}** It is undisputed that postrelease control does not apply in this case because Rogers pled guilty to murder, an unclassified felony to which the postrelease control statute does not apply. *See, e.g., State v. Evans,* 8th Dist. No. 95692, 2011-Ohio-2153, ¶ 7, citing *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36, and R.C. 2967.28; *State v. Lofton,* 4th Dist. No. 11CA6, 2012-Ohio-2274, ¶ 8.[2] Therefore, the trial court erred in advising Rogers that he would be subject to a period of postrelease control if he was released from prison.

**{¶25}** A motion to withdraw a guilty plea in a case involving a judgment that is subject to attack for failure to comply with statutory requirements related to the imposition of postrelease control is treated as a postsentence motion under Crim.R. 32.1. *See, e.g., State v. Bell,* 8th Dist. No. 95719, 2011-Ohio-1965, ¶ 22; *Beachum,* 6th Dist. Nos. S-10-041 and S-10-042, 2012-Ohio-285, ¶ 21 (citing cases); *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Thus, pursuant to Crim.R. 32.1, Rogers had the burden of establishing "manifest injustice" warranting the withdrawal of his guilty plea. *State v. Nicholson,* 8th Dist. No. 97873, 2012-Ohio-4591, ¶ 14, citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

**{¶26}** This court has described "manifest injustice" as a

---

[2]In this case, Rogers's sentence included "post-release control for the maximum period allowed * * * under R.C. 2967.28." Because the journal entry limits postrelease control to what is authorized under R.C. 2967.28, and R.C. 2967.28 does not apply to Rogers's murder conviction, the entry does not, in fact, actually impose any period of postrelease control. As such, the reference to postrelease control as part of Rogers's sentence did not render his sentence void. *See, e.g., Evans,* 8th Dist. No. 95692, 2011-Ohio-2153, ¶ 8, quoting *State v. Austin,* 8th Dist. No. 93028, 2009-Ohio-6108, ¶ 7.

"clear or openly unjust act," * * * "an extraordinary and fundamental flaw in the plea proceeding[,]" * * * a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.

*Nicholson* at ¶ 15, quoting *State v. Sneed*, 8th Dist. No. 80902, 2002-Ohio-6502.

**{¶27}** Manifest injustice is an "extremely high standard"; a defendant may withdraw a guilty plea only in "extraordinary cases." *Beachum* at ¶ 21.

**{¶28}** We review a trial court's decision to deny a defendant's post-sentence motion to withdraw a guilty plea under an abuse of discretion standard. *State v. Britton*, 8th Dist. No. 98158, 2013-Ohio-99, ¶ 17, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus, and *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980). An "abuse of discretion" requires more than an error of law or of judgment; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Unless it is shown that the trial court acted unreasonably, arbitrarily, or unconscionably in denying Rogers' request to withdraw his plea, there is no abuse of discretion.

**{¶29}** As an initial matter, Rogers contends that the trial court erred in denying his motion to withdraw his plea without first conducting a hearing. We disagree. A trial court need not conduct a hearing on a postsentence motion to withdraw a guilty plea "if the 'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *Nicholson,*

8th Dist. No. 97873, 2012-Ohio-4591, at ¶ 17, quoting *State v. Russ*, 8th Dist. No. 81580, 2003-Ohio-1001. As discussed in detail below, Rogers presented no evidence that he was prejudiced by the trial court's erroneous advisement that he would be subject to postrelease control if released from prison. Accordingly, on this record, we do not find that the trial court abused its discretion in declining to hold a hearing prior to ruling on Rogers's motion.

{¶30} Rogers further argues that the trial court abused its discretion in denying his motion to withdraw his plea based on the trial court's failure to accurately advise him, during the plea colloquy, regarding the maximum penalty associated with the offense to which he was pleading guilty. Because a criminal defendant gives up certain constitutional rights when pleading guilty to a crime, a guilty plea cannot be accepted "unless the defendant is fully informed of the consequences of his or her plea." *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. In conducting the plea colloquy, the trial judge "must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *Id.* A plea is invalid unless it was knowingly, intelligently, and voluntarily made. *Id.*, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶31} Rogers contends that because the trial court erroneously advised him that he would be subject to a period of postrelease control if he was ever released from prison, his plea could not have been knowingly and intelligently made, and that the trial court,

therefore, violated Crim.R. 11(C)(2)(a) in accepting his plea.  Crim.R. 11(C)(2)(a) provides in pertinent part:

> In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. * * *

**{¶32}** In determining whether the trial court has satisfied its duties under Crim.R. 11(C)(2), reviewing courts distinguish between constitutional and nonconstitutional rights.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-21.  As the Ohio Supreme Court explained in *Clark*:

> When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid "under a presumption that it was entered involuntarily and unknowingly." * * * However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies. * * * Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving," the plea

may be upheld. [*State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).]

When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *See Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart*, [51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977)], and Crim.R. 52(A); *see also [State v.] Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23. The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108, 564 N.E.2d 474, *citing Stewart,* [*supra*]. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. *See Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph two of the syllabus. "A complete failure to comply with the rule does not implicate an analysis of prejudice." *Id.* at ¶ 22.

*Clark* at ¶ 31-32.

{¶33} In this case, the trial court did not "completely fail" to comply with Crim.R. 11(C)(2)(a). During the plea colloquy, the trial court advised Rogers that his guilty plea to murder carried a mandatory sentence of 15 years to life, the only sentence available to the trial court. Rogers stated that he understood this. The court's further erroneous statement that Rogers would be subject to a period of postrelease control if he was ever released from prison did not add to the penalty Rogers faced, did not suggest that Rogers could be released early, and did not misstate the maximum

possible penalty for the offense to which Rogers was pleading guilty, i.e., imprisonment for life. Thus, the trial court "partially complied" with Crim.R. 11(C)(2)(a), notwithstanding the misinformation it provided to Rogers regarding postrelease control. *See, e.g., State v. Stokes,* 8th Dist. No. 93154, 2010-Ohio-3181, ¶ 9 (where trial court erroneously stated, during plea colloquy, that postrelease control would be a part of defendant's sentence when it was not applicable, trial court partially complied with Crim.R. 11(C)(2)(a)).

{¶34} Whether Rogers's plea should have been vacated, therefore, turns on whether he was prejudiced by the trial court's misstatement.

{¶35} Rogers argues that this court's decision in *State v. Wolford*, 8th Dist. No. 92607, 2010-Ohio-434, should control the result in this case. In *Wolford*, the defendant pled no contest to several counts, including aggravated murder, an unclassified offense that was not subject to postrelease control under R.C. 2967.28. On appeal, the defendant argued that his plea was not knowingly, intelligently, and voluntarily made and should be vacated because the trial court had erroneously advised him, during the plea colloquy, that he would be subject to a mandatory five-year period of postrelease control if he was released from prison. *Id.* at ¶ 23, 28. This court agreed and vacated the defendant's no contest plea. Unlike in this case, the defendant in *Wolford* (who the court noted had a very low IQ) had specifically questioned the trial court, during the plea colloquy, regarding the consequences for violating postrelease control and had aborted an earlier plea colloquy

due in part to his confusion regarding postrelease control. *Id.* at ¶ 28-29. In response to Wolford's questions, the trial court explained postrelease control but failed to inform Wolford that because he was pleading guilty to an unclassified felony, he could be sent back to prison for the remainder of his life if he were to violate the terms of his release. *Id.* at ¶ 29-33. Given that Wolford had aborted an earlier plea based on his concerns regarding postrelease control, this court determined that Wolford would not have entered a plea if the trial court had accurately advised him of the consequences of violating parole and had, therefore, been prejudiced by the trial court's mistake, such that his plea should be vacated. *Id.* at ¶ 28, 33.

{¶36} In contrast to *Wolford*, there is no indication in the record in this case that Rogers would not have pled guilty but for the trial court's reference to postrelease control during the plea colloquy. Rogers has not argued — much less presented any evidence — that he would not have entered his plea if he knew he would not be subject to postrelease control upon release. In cases involving similar facts, this court and others have held that the trial court's misstatements regarding the applicability of postrelease control during the plea colloquy were not prejudicial to the defendant. *See, e.g., State v. Rolling*, 8th Dist. No. 95473, 2011-Ohio-121, ¶ 20; *State v. Clark*, 11th Dist. No. 2006-A-004, 2008-Ohio-6768, ¶ 12-22; *State v. Baker*, 1st Dist. No. C-050791, 2006-Ohio-4902, at ¶ 14; *State v. Hamilton*, 4th Dist. No. 05CA4, 2005-Ohio-5450, ¶ 22.

{¶37} Rogers has not established the manifest injustice required to withdraw his guilty plea under Crim.R. 32.1. "'Without some evidence that defendant was motivated

by the expectation of being subject to postrelease control upon release,'" the trial court's misinformation was not prejudicial, and "'we must affirm the plea.'" *Stokes,* 8th Dist. No. 93154, 2010-Ohio-3181, at ¶ 10, quoting *State v. Anderson*, 8th Dist. No. 92576, 2010-Ohio-2085, ¶ 30; *see also Rolling* at ¶ 16-20; *Baker*, 1st Dist. No. C-050791, 2006-Ohio-4902, at ¶ 14; *Clark*, 11th Dist. No. 2006-A-004, 2008-Ohio-6768, at ¶ 12-22.

**{¶38}** Moreover, Rogers waited, without explanation, for more than eight and one-half years before seeking to withdraw his guilty plea. "[A]n undue delay between the occurrence of the cause for withdrawal of a guilty plea and the filing of the motion to withdraw 'is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *Beachum*, 6th Dist. Nos. S-10-041 and S-10-042, 2012-Ohio-285, at ¶ 28, quoting *Smith*, 49 Ohio St.2d, at 264, 361 N.E.2d 1324. Rogers's challenge to his plea "can only be reasonably explained as a change of heart, which is simply not a valid basis to vacate a plea." *Stokes* at ¶ 10.

**{¶39}** Further, claims made in support of a motion to withdraw a guilty plea that could have been raised, but were not raised, in a prior proceeding or direct appeal are barred by res judicata. *See, e.g., State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, ¶ 9; *State v. Robinson*, 8th Dist. No. 85266, 2005-Ohio-4154, ¶ 10-11. *Accord State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 (observing that "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal"). There is

nothing in the record that suggests that Rogers's claims regarding the validity of his plea could not have been previously raised in a direct appeal.

**{¶40}** Based on the record before us, we cannot state that the trial court abused its discretion in denying Rogers's motion to withdraw his guilty plea. Rogers's first assignment of error is overruled.

**{¶41}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR