[Cite as *State v. Rogers*, 2014-Ohio-1236.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100075**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMALE ROGERS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-03-438533

**BEFORE:** Keough, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**APPELLANT**

Demale Rogers, pro se
Inmate No. 462-269
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Adam M. Chaloupka
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Demale Rogers, appeals the trial court's decision denying his "motion for issuance of 'revised' judgment entry of conviction and sentence, and assessment of subject matter jurisdiction." For the reasons that follow, we affirm the trial court's decision.

{¶2} In 2004, Rogers pled guilty to murder and was sentenced to 15 years to life in prison. Although Rogers appealed his conviction and sentence, this court dismissed the appeal for failure to file a record. In 2012, Rogers filed a "motion to amend journal entry and motion for sentencing" contending that the trial court lacked jurisdiction to consider his case due to a defective indictment. The motion also challenged whether the sentencing journal entry was a final appealable order. The trial court denied the motion; this court affirmed the trial court's decision in *State v. Rogers*, 8th Dist. Cuyahoga No. 98059, 2012-Ohio-4598 ("*Rogers I*"). In *Rogers I*, this court summarized the arguments raised on appeal:

> [Rogers] contends that his conviction and sentence are void because the indictment charging him with murder and the subsequent journal entry of conviction and sentence were never properly filed with the clerk of courts. He claims the time-stamps on the indictment and journal entries fail to demonstrate that these documents were actually filed with the court. As such, he argues, the trial court never had jurisdiction to hear this case.

*Id*. at ¶ 4.

{¶3} In June 2013, Rogers filed a "motion for issuance of 'revised' judgment entry of conviction and sentence, and assessment of subject matter jurisdiction." In this motion, Rogers again raised the issues of defective indictment and that the trial court did

not issue a final appealable order under Crim.R. 32(C). The trial court denied Rogers's motion.

{¶4} Rogers appeals from that decision, raising the following assignments of error.

I. Where a prima facie case exists to support a conclusion of a lack of a final appealable order, O.R.C. [section] 2505.02 (for want of strict compliance of the filing procedures enumerated in: O.R.C. [section] 2303.08; and, O.R.C. [section] 2303.10), a trial court abuses its discretion thereby implicating due process when it fails to issue a requested 'revised judgment entry.' see: *Dunn v. Smith*, 119 Ohio St.3d 364.

II. Whether a hearing is required to ascertain the accuracy of the record (documents, pleadings and orders) where those records are inherently and prejudicially conflicted, the failure to accord such hearing implicates due process and renders each of the conflicted proceedings a mere nullity and void.

{¶5} In this appeal, Rogers raises the exact arguments that were raised and rejected in *Rogers I*.

{¶6} As recognized by the Ohio Supreme Court, a final judgment of conviction precludes a criminal defendant "who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The doctrine of res judicata prevents

the endless relitigation of an issue on which a defendant has already had full opportunity to be heard and, therefore, promotes the legal principles of finality and judicial economy. *Saxon*.

{¶7} Accordingly, we find Rogers's appeal barred by res judicata. His assignments of error are therefore overruled.

{¶8} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR