OPINION
{¶ 1} This case is currently before this court on remand from the Ohio Supreme Court to determine whether defendant-appellant, Ralph E. Clark, suffered prejudice as a result of the Ashtabula County Court of Common Plea's failure to substantially comply with Crim. R. 11(C) in accepting his negotiated guilty plea to Aggravated Murder with Gun Specification. For the following reasons, we hold that Clark has failed to provide any evidence of prejudice, and has failed to demonstrate prejudice. Therefore, we *Page 2 
affirm his convictions. This cause is remanded for resentencing with respect to certain financial sanctions imposed on Clark.
 {¶ 2} Early on the morning of May 7, 2005, Ashtabula Police Officers received a dispatch of a burglary in progress at 4227 Park Avenue, in Ashtabula, the residence of Clark's estranged wife, Carolyn Clark. The police found Carolyn unconscious, severely beaten at the back of her head with the butt of a rifle. Carolyn died shortly after being transported to the Ashtabula County Medical Center. Clark was arrested later that day at his home on 1031 East Morgan Road, in Jefferson, Ohio.
 {¶ 3} On May 13, 2005, Clark was indicted on one count of Aggravated Murder with Gun Specification, an unclassified felony in violation of R.C. 2903.01 and R.C. 2941.145, and two counts of Murder with Gun Specification, unclassified felonies in violation of R.C. 2903.02 and R.C. 2941.145.
 {¶ 4} On January 13, 2006, Clark signed a negotiated Plea of Guilty to Aggravated Murder with a Three Year Gun Specification, in violation of R.C. 2903.01 and R.C. 2941.145.
 {¶ 5} On January 18, 2006, Clark's sentencing hearing was held. The trial court sentenced Clark to life imprisonment with eligibility for parole after twenty-eight years. Clark will be approximately seventy-two years old when he becomes eligible for parole.
 {¶ 6} In the plea agreement and at sentencing, Clark was mistakenly advised that, if paroled, he would be subject to post-release control under the conditions set forth in R.C. 2967.28.
 {¶ 7} On January 23, 2006, Clark filed a Notice of Appeal with this court, challenging the entry of his guilty plea and the trial court's imposition of economic penalties. State v. Clark, 11th Dist. No. 2006-A-0004, 2007-Ohio-1780. This court *Page 3 
affirmed Clark's guilty plea but reversed the imposition of economic sanctions. Id. at ¶ 45.
 {¶ 8} Clark certified this case to the Ohio Supreme Court based on a conflict with the Twelfth District Court of Appeals' decision inState v. Prom, 12th Dist. No. CA2002-01-007, 2003-Ohio-6543, on the following issue: "Is a guilty plea knowing, intelligent, and voluntary when the trial court misinforms the defendant that he or she will be subject to five years post-release control if released and up to nine months in prison for any violation when, in fact, the defendant faces a lifetime of parole and re-incarceration for life for any violation?"State v. Clark, 119 Ohio St.3d 239, 2008-Ohio-3748, at ¶ 1.
 {¶ 9} The Supreme Court answered the certified question in the negative: "If a trial judge chooses to offer an expanded explanation of the law in a Crim. R. 11 plea colloquy, the information conveyed must be accurate. The rule is in place to ensure that defendants wishing to plead guilty or no contest do so knowingly, intelligently, and voluntarily. Because of the substantial misinformation that the trial judge provided to the defendant in this case, the defendant could not have entered his plea knowingly, intelligently, and voluntarily." Id. at ¶ 39.
 {¶ 10} Although Clark did not enter his plea knowingly, intelligently, and voluntarily, the plea was not necessarily invalid. "Despite the failure to substantially comply with Crim. R. 11, the trial judge did not simply ignore his duties under Crim. R. 11(C)(2)(a). Because the trial judge partially complied with the rule, Clark must show that he was prejudiced by the trial court's misinformation to successfully vacate his plea." Id. at ¶ 40, citing State v. Nero (1990), 56 Ohio St.3d 106,108. *Page 4 
 {¶ 11} "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." Nero, 56 Ohio St.3d at 108, citing State v.Stewart (1977), 51 Ohio St.2d 86, 93, and Crim. R. 52(A); Clark,2008-Ohio-3748, at ¶ 32.
 {¶ 12} The issue before this court is whether Clark has demonstrated a prejudicial effect, i.e. whether he would not have entered his plea but for the trial judge's erroneous explanation of parole/post-release control. In this case, the record is devoid of any evidence that Clark was prejudiced by the erroneous information. Under his felony conviction of Aggravated Murder, Clark would either receive a sentence of life without parole or life with the possibility of parole. Thus, the absolute minimum sentence he would serve is twenty-eight years. Under Clark's theory of post-release control, he would still serve twenty-eight years before any release would become a possibility.
 {¶ 13} In the prior appeal, we noted that "there is no evidence that suggest Clark's belief that he would be subject to post release control * * * induced him to enter his plea of guilty." 2007-Ohio-1780, at ¶ 28. In particular, the record demonstrated that Clark's guilt was not reasonably in question. The prosecution possessed a video-taped statement, two recorded statements, and an oral statement, in which Clark repeatedly admitted his culpability for his wife's death. The trial court had ruled these confessions/statements admissible at trial. Clark was found to be competent to stand trial. Beyond the fact of Clark's guilt, the only possible sentences that could be imposed on Clark were life imprisonment or life imprisonment with the possibility of parole. Id. *Page 5 
 {¶ 14} On remand, Clark argues that parole and post-release control were critical to his plea inasmuch as "he received nothing else for his plea except the possibility of earlier release under parole and/or postrelease control." Clark was indicted for Aggravated Murder and two lesser-included counts of Murder (purposeful and felony murder). Rather than pleading to a lesser count of Murder, Clark pled to the greater charge of Aggravated Murder.
 {¶ 15} Clark is correct that he plead to the greater charge of Aggravated Murder. In exchange for his plea, the State recommended a sentence that allowed for the possibility of early release from prison. As noted above, the only sentencing options available to the trial court were life in prison or life with the possibility of parole after a certain number of years. At the change of plea hearing, the prosecutor told the court that, in exchange for Clark's plea to Aggravated Murder, the State would dismiss the two Murder counts and agree to "a stipulated or joint recommendation * * * that Mr. Clark be sentenced to life imprisonment, with parole eligibility after serving 25 full years of imprisonment, in addition to the three years * * * for the gun specification."
 {¶ 16} Clark's argument fails to demonstrate prejudice. Clark has presented no evidence and points to no evidence in the record suggesting that his plea would have been otherwise had he known the actual conditions of parole. The evidence before this court indicates that it was the possibility of early release from prison, not the particular terms or conditions of that release, that was critical to the plea agreement. As noted by the Supreme Court, "an individual sentenced for aggravated murder such as Clark is not subject to postrelease control because that crime is an unclassified felony to which the postrelease-control statute does not apply." Clark, 2008-Ohio-3748, at ¶ 36. Although Clark was misinformed regarding the circumstances that an early release from prison *Page 6 
would entail, there was no alternative or choice about what those conditions would be. The only sentencing options for Clark were life without parole or life with parole. Cf. North Carolina v. Alford (1970),400 U.S. 25, 31 ("[t]he standard [for determining the validity of guilty pleas] was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant").
 {¶ 17} Other considerations support this conclusion.
 {¶ 18} Clark does not argue that, but for the belief that he would be subject to early release under the terms and conditions of post-release control, he would have insisted on a trial. Cf. Hill v. Lockhart (1985),474 U.S. 52, 59 ("in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that * * * he would not have pleaded guilty and would have insisted on going to trial"). Given the facts of this case, there is little possibility that Clark could have avoided conviction for Aggravated Murder. The various recorded confessions indicate that Clark killed his wife with "prior calculation and design," the element distinguishing Aggravated Murder from Murder. R.C. 2903.01(A). Clark revealed that he decided to kill his wife when he learned that she intended to leave Ohio with their eight minor children. Clark borrowed a vehicle and a rifle in order to commit the crime. When the rifle jammed, he beat his wife to death with the weapon.
 {¶ 19} Assuming, arguendo, that Clark would have insisted on a trial and been convicted for purposeful or felony Murder, post-release control would still not have been a sentencing option, since, like Aggravated Murder, Murder is an unclassified felony to which the post-release control statute does not apply. R.C. 2967.28. *Page 7 
 {¶ 20} Clark further argues that, by entering a plea, he sacrificed the possibility of challenging the Gun Specification. Since the rifle jammed, Clark maintains, a trial issue existed regarding the weapon's operability. Cf. R.C. 2941.145(A) and 2923.11(B)(1).
 {¶ 21} This argument, too, fails to demonstrate the prejudice necessary to invalidate Clark's plea. The fact that a firearm or weapon has jammed does not preclude the imposition of a Gun Specification. See, e.g., State v. Griffin, 9th Dist. No. 95CA006069, 1996 Ohio App. LEXIS 774, at *9; State v. Fluellen (1993), 88 Ohio St.3d 18, 24. We have no evidence in this case regarding the condition of the rifle or the circumstances in which it jammed. Without more, it is impossible to evaluate the likelihood of Clark being acquitted of the Gun Specification.
 {¶ 22} In sum, Clark has failed to show that the conditions under which he might be released from prison after serving twenty-eight years were critical to his decision to enter a plea. Without some evidence that Clark was motivated by the expectation of being subject to post-release control upon release, we must affirm the plea. Clark was correctly advised that release after twenty-eight years was only a possibility, and the conditions of that release being relevant depend upon the further possibility that Clark might violate the conditions of his parole on release. Such remote contingencies do not satisfy the standard that the "plea would have otherwise been made."
 {¶ 23} The circumstances of the present case are similar to those before the United States Supreme Court in Hill v. Lockhart. InHill, a habeas petitioner sought the vacation of his guilty plea after defense counsel mistakenly advised him that he would be eligible for parole after serving one-third of his sentence (about 11 years), when, in fact, he would not be eligible for parole until he had served half of his sentence (about 17 years). Hill, 474 U.S. at 54-55. The petitioner claimed his plea was "involuntary" *Page 8 
solely on the basis that he was provided erroneous information about parole eligibility. Id. at 56. The United State Supreme Court denied the petition because the allegations failed to demonstrate prejudice. Id. at 60. Like Clark, the petitioner in Hill "did not allege * * * that, had counsel [or the court in this case] correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." Likewise, the petitioner in Hill "alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty." Id.
 {¶ 24} For the foregoing reasons, Clark has not demonstrated any prejudice resulting from the misinformation about being subject to post-release control in the event that he is released on parole. Clark's guilty plea is affirmed. Clark's sentence is reversed with respect to the financial sanctions imposed, as indicated in our prior decision and judgment. This matter is remanded for the limited purpose of resentencing consistent with Crim. R. 43(A) and this court's opinion inState v. Clark, 2007-Ohio-1780.
MARY JANE TRAPP, J., concurs,
TIMOTHY P. CANNON. J., concurs with Concurring Opinion.