[Cite as *State v. Martin*, 2012-Ohio-4919.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 26325 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTOINE RASHAWN MARTIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 97 04 0793 (B) |

DECISION AND JOURNAL ENTRY

Dated: October 24, 2012

BELFANCE, Judge.

{¶1} Defendant-Appellant Antoine Martin appeals from a resentencing entry entered by the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} The prior history of this case was summarized in Mr. Martin's last appeal to this Court, which followed his initial resentencing. *See State v. Martin*, 9th Dist. No. 25615, 2011-Ohio-5634, ¶ 2-3. In that 2011 appeal, this Court noted that, at Mr. Martin's resentencing hearing, "the trial court reviewed the issue of allied offenses, and merged Martin's convictions for felonious assault and involuntary manslaughter into the conviction for murder[, but] * * * fail[ed] to mention postrelease control." *Id.* at ¶ 6. Mr. Martin argued in that 2011 appeal "that his conviction must be vacated because the convictions of felonious assault, involuntary manslaughter and felony murder are allied offenses of similar import and thus violate his double jeopardy rights." *Id.* at ¶ 5. This Court disagreed. *Id.* at ¶ 10. We concluded that as in *State v.*

*Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, "the only issues arising at the resentencing, and thus subject to review, were those encompassing the postrelease-control notification." *Martin* at ¶ 8. Accordingly, "issues relating to allied offenses were not properly before the trial court." *Id.* This Court held that:

> [b]ecause the trial court exceeded its authority by merging the offenses for sentencing, and it failed to properly impose postrelease control, we vacate the September 10, 2010 judgment entry. Martin's original concurrent sentences remain valid. The matter is remanded to the trial court for resentencing to correct the void portion of his August 13, 1997 judgment entry, that is, the postrelease control portion of his sentence, leaving the remainder of Martin's sentence intact.

*Id. at ¶ 9.*

{¶3} Following the 2011 appeal, the trial court held a resentencing hearing and issued a new sentencing entry which reflected the sentencing language from the 1997 entry and added postrelease control language. Mr. Martin has appealed from that entry and raises a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN PERMITTING THE APPELLANT TO BE CONVICTED OF FELONY MURDER, FELONIOUS ASSAULT, AND INVOLUNTARY MANSLAUGHTER BECAUSE THESE OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶4} Mr. Martin essentially makes the same argument in this appeal that he made in his 2011 appeal; namely, he asserts that his offenses are allied and, thus, he could not be convicted of all three offenses.

{¶5} In Mr. Martin's 2011 appeal, this Court vacated the 2010 sentencing entry, concluded that Mr. Martin's 1997 sentence was still in place, and remanded the matter solely for resentencing so that the trial court could notify Mr. Martin of his postrelease-control obligations

and impose the same in a sentencing entry. *See Martin* at ¶ 9. Thus, the trial court was without authority to address the allied offense issue. *See Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."). Further, notwithstanding the foregoing, as Mr. Martin is appealing a resentencing conducted solely to impose postrelease control, the scope of his appeal is "limited to issues arising at the resentencing hearing." *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraph four of the syllabus. Mr. Martin's argument falls outside the limited scope of this appeal. *See id.* Mr. Martin's assignment of error is completely without merit, and it is overruled.

III.

{¶6} Mr. Martin's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

      Costs taxed to Appellant.

                                            _____
                                            EVE V. BELFANCE
                                            FOR THE COURT

MOORE, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES</u>:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.