[Cite as *State v. Pope*, 2014-Ohio-3212.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. Nos. 26928 |
| | | 27096 |
| Appellee | | |
| | | |
| v. | | |
| | | APPEAL FROM JUDGMENT |
| PHILLIP L. POPE | | ENTERED IN THE |
| | | COURT OF COMMON PLEAS |
| Appellant | | COUNTY OF SUMMIT, OHIO |
| | | CASE No. CR 12 12 3456 |

DECISION AND JOURNAL ENTRY

Dated: July 23, 2014

MOORE, Judge.

{¶1} Defendant-Appellant, Phillip L. Pope, appeals from the February 25, 2013 judgment entry of the Summit County Court of Common Pleas. We affirm, in part, reverse, in part, and remand for the trial court to correct the sentencing entry.

I.

{¶2} Mr. Pope was indicted for (1) aggravated murder, in violation of R.C. 2903.01(A), with a firearm specification, (2) discharge of a firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3)/(C)(4), with a firearm specification, (3) having weapons while under disability, in violation of R.C. 2923.13(A)(3), (4) murder, in violation of R.C. 2903.02(A), with a firearm specification, (5) murder, in violation of R.C. 2903.02(B), with a firearm specification, (6) felonious assault, in violation of R.C. 2903.11(A)(1)/(A)(2), with a firearm specification, (7) felonious assault, in violation of R.C. 2903.11(A)(2), with a firearm specification, (8) attempted aggravated murder, in violation of R.C. 2903.01(A)/R.C. 2923.02,

with a firearm specification, (9) attempted murder, in violation of R.C. 2903.02(B)/R.C. 2923.02, with a firearm specification, and (10) attempted murder, in violation of R.C. 2903.02(A)/R.C. 2923.02.

**{¶3}** Mr. Pope pleaded not guilty to all of the charges.

**{¶4}** In February of 2013, Mr. Pope changed his plea to guilty of murder, in violation of R.C. 2903.02(A), an unclassified felony, and to a firearm specification, pursuant to R.C. 2941.145. Prior to accepting his guilty plea, the trial court advised Mr. Pope that "should [he] be released by the adult parole authority, [he] will be under their supervision at that point and [he] will have to serve a period of [postrelease] control as part of [his] sentence, and that would be for a mandatory five-year term[.]" The trial court then dismissed the remaining charges in the indictment and accepted Mr. Pope's guilty plea. Mr. Pope was sentenced to a mandatory period of three (3) year's incarceration for the firearm specification, to be served consecutively with an indeterminate period of incarceration of not less than fifteen (15) years to life for murder. The trial court further indicated that Mr. Pope would be eligible for parole after serving eighteen (18) years of his life sentence.

**{¶5}** Mr. Pope did not timely appeal from the trial court's sentencing entry. However, he filed two motions for delayed appeal, and this Court granted both motions. The appeals were then consolidated. He now raises three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN
ACCEPTING [][MR.] POPE'S GUILTY PLEA WITHOUT COMPLYING
WITH THE REQUIREMENTS OF [CRIM.R.11(C)(2)(A)].

{¶6} In his first assignment of error, Mr. Pope argues that the trial court erred in accepting his guilty plea without substantially complying with Crim.R.11(C)(2)(a). Specifically, Mr. Pope argues that the trial court erred by advising him that, should he be released from prison, he would be subject to a mandatory five-years of postrelease control for murder, in violation of R.C. 2903.02(A), an unclassified felony. Based upon *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, Mr. Pope argues that his plea was not entered knowingly, intelligently, and voluntarily, and that he was prejudiced by the trial court's misstatement regarding postrelease control because "he would not have [pleaded] guilty," but, instead, would have exercised his right to go to trial.

{¶7} The State responds by arguing that Mr. Pope cannot demonstrate prejudice because "[t]here is nothing in the record to suggest that [Mr.] Pope would not have entered his guilty plea had the trial court not erroneously informed him that he was subject to a mandatory five-year term of [postrelease] control."

{¶8} "The basic tenets of due process at the federal and state level dictate that a guilty plea must be knowingly, intelligently, and voluntarily given." *State v. Firl*, 9th Dist. Summit No. 22689, 2005-Ohio-5501, ¶ 6, citing *State v. Sherrard*, 9th Dist. Lorain No. 02CA008065, 2003-Ohio-365, ¶ 6, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "To ensure this standard is met, trial courts must conduct an oral dialogue with the defendant pursuant to Crim.R. 11(C)(2)." *Firl* at ¶ 6, citing *Engle* at 527.

{¶9} Crim.R. 11(C)(2)(a) states that:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the

defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶10} Literal compliance with Criminal Rule 11 is preferred. *Clark*, 2008-Ohio-3748, at ¶ 29. ("Literal compliance with Crim.R. 11, in all respects, remains preferable to inexact plea hearing recitations." (quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 19, fn. 2, citing *State v. Nero,* 56 Ohio St.3d 106, 108 (1990))). Nonetheless, in the face of a failure to literally comply, "reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Clark* at ¶ 30. "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'" *Id.* at ¶ 31, quoting *Griggs* at ¶ 12, citing *Nero* at 107. "However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Clark* at ¶ 31, citing *Griggs* at ¶ 12. Substantial compliance, as defined by the Supreme Court of Ohio, means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero* at 108.

{¶11} Further, "[w]hen the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Clark* at ¶ 32. "If the trial judge partially complied * * * the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id*. citing *Nero* at 108. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Clark* at ¶ 32, quoting *Nero* at 108.

{¶12}  *Clark* is the primary case relied upon by Mr. Pope to support the motion to vacate his plea.  In *Clark* at ¶ 33, the defendant pleaded guilty to aggravated murder with a firearm specification.  During the plea colloquy, the trial court correctly conveyed that Mr. Clark "faced maximum sentences of life in prison without the possibility of parole" for aggravated murder and "three years in prison for the associated gun specification." *Id*.  However, on appeal, the Supreme Court of Ohio determined that the trial court had incorrectly explained the "concepts of postrelease control and parole" by "[u]sing terms that varied in their meaning throughout the proceedings[.]"  *Id*. at ¶ 34. The Court held that the trial judge informed Mr. Clark that, upon serving 28 years in prison, "he would be subject to a hybrid of the two concepts that does not exist under Ohio law."  *Id*.  In reversing and remanding the matter back to the Eleventh District Court of Appeals, the Supreme Court of Ohio stated:

> The trial judge was not required to discuss postrelease control or parole in [Mr.] Clark's plea colloquy under Crim.R. 11(C)(2), as [Mr.] Clark was not eligible for postrelease control, given his plea to an unclassified felony.  * * *
>
> Such an incorrect recitation of the law fails to meet the substantial-compliance standard.  If a trial judge chooses to offer an expanded explanation of the law in a Crim.R. 11 plea colloquy, the information conveyed must be accurate.  The rule is in place to ensure that defendants wishing to plead guilty or no contest do so knowingly, intelligently, and voluntarily.  Because of the substantial misinformation that the trial judge provided to the defendant in this case, the defendant could not have entered his plea knowingly, intelligently, and voluntarily.  The fact that the trial court provided some correct information as well does not alter this conclusion, because the [correct] information was not provided in such a manner as to remedy the erroneous information.
>
> Despite the failure to substantially comply with Crim.R. 11, the trial judge did not simply ignore his duties under Crim.R.11(C)(2)(a).  Because the trial judge partially complied with the rule, [Mr.] Clark must show that he was prejudiced by the trial court's misinformation to successfully vacate his plea. * * *

*Id.* at ¶ 38.

{¶13}  Upon remand, the Eleventh District upheld Mr. Clark's plea, and concluded that he failed to demonstrate prejudice because he "presented no evidence and point[ed] to no

evidence in the record suggesting that his plea would have been otherwise had he known the actual conditions of parole." *State v. Clark*, ("*Clark II*"), 11th Dist. Ashtabula No. 2006-A-0004, 2008-Ohio-6768, ¶ 16.

{¶14} In the present matter, Mr. Pope pleaded guilty to murder, an unclassified felony. As such, pursuant to R.C. 2967.28(B) and (C), Mr. Pope is not eligible for postrelease control. *See Clark II*, 2008-Ohio-3748, ¶ 38. Rather, he is eligible to apply for parole after serving eighteen years of his life sentence. However, during the Crim.R. 11(C) plea colloquy, after correctly apprising Mr. Pope of the nature of his sentence and his constitutional rights, the trial court stated:

> * * *
>
> [THE COURT]: You understand that should you be released by the adult parole authority, you will be under their supervision at that point and you will have to serve a period of post[]release control as part of your sentence, and that would be for a mandatory five-year term?
>
> [MR. POPE]: Yes.
>
> * * *
>
> [THE COURT]: You understand that when you're placed on post[]release control, the adult parole authority would be authorized to return you to prison for up to nine months for any single violation, up to a maximum of 50 percent of your prison sentence for all violations?
>
> And if you would be convicted of a new felony while on post[]release control, in addition to being punished for the new offense, the Judge could add an additional, consecutive prison term of one year or whatever time remains on your post[]release control term?
>
> [MR. POPE]: Yes.
>
> * * *

The record indicates that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) because it "described a decidedly different form of release [(postrelease control)] from the one

[Mr. Pope] actually faced under the law [(parole)][.]" *Clark* at ¶ 38-39. However, because the trial court partially complied with Crim.R. 11(C)(2)(a), Mr. Pope must still demonstrate that he was prejudiced by the trial court's misstatement regarding postrelease control.

**{¶15}** Similar to *Clark II*, the record before us does not contain any evidence that, but for the belief that he would be subject to postrelease control, Mr. Pope would have proceeded to trial. *See Nero* at 108. Mr. Pope does not direct us to any part of the record suggesting that, had he known he was not eligible for postrelease control, he would not have pleaded guilty to murder.

**{¶16}** Instead, the transcript of the plea hearing demonstrates that Mr. Pope accepted full and complete responsibility for his actions. During the plea hearing, Mr. Pope's attorney stated: "[t]his is his fault and nobody else's fault," and "[i]t's his fault and that's why he is entering this plea at this time. It's his responsibility and nobody else's; is that right," to which Mr. Pope responded, "[r]ight." Further, there was no discussion on the record that Mr. Pope's decision to plead guilty in any way hinged on whether he was eligible for postrelease control. In fact, prior to the Crim.R. 11(C) colloquy, the prosecutor explained that Mr. Pope's "sentence would be [] 15 years to life on the murder, and the additional 3 years on the gun specification, for a total of 18 years to life; so, basically life in prison with parole eligibility after 18 years," and Mr. Pope's attorney replied "[w]hat the Prosecution has stated is correct."

**{¶17}** While Mr. Pope did not file a motion to withdraw his plea or otherwise place before the court any evidentiary documents, he bases his argument regarding prejudice upon the suggestion that he would not have pleaded guilty had he known he was ineligible for postrelease control. We note that there is nothing in the record to support this assertion, and Mr. Pope does

not explain how the ineligibility for postrelease control was prejudicial under the circumstances reflected in the record.

**{¶18}** Therefore, based upon the record before us, we cannot conclude that Mr. Pope was prejudiced by the trial court's statement regarding postrelease control.

**{¶19}** Accordingly, Mr. Pope's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

[THE] TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN SENTENCING [MR.] POPE TO FIVE YEARS OF MANDATORY POST-RELEASE CONTROL UNDER R.C. 2967.28 FOR AN UNCLASSIFED FELONY.

**{¶20}** In his second assignment of error, Mr. Pope argues that, pursuant to R.C. 2967.28, the trial court erred in sentencing him to five years' mandatory postrelease control. We agree.

**{¶21}** As stated above, R.C. 2967.28 governs the imposition of postrelease control. *See State v. Reed*, 9th Dist. Wayne No. 12CA0051, 2013-Ohio-3970, ¶ 77. "The statute does not permit the imposition of post[]release control on unclassified felonies." *Id*. "Thus, an individual sentenced for * * * murder is not subject to post[]release control." *Id*., citing *State v. Brown,* 9th Dist. Wayne No. 11CA0054, 2013-Ohio-2945, ¶ 62; *see also Clark II*, 2008-Ohio-6768, ¶ 19.

**{¶22}** Here, the trial court sentenced Mr. Pope to fifteen years to life for murder, an unclassified felony, and also indicated that he would be subject to five years' mandatory postrelease control after being released from prison. Because R.C. 2967.28 does not permit the imposition of postrelease control on unclassified felonies, that portion of Mr. Pope's sentencing entry is void. *See State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26.

**{¶23}** Accordingly, Mr. Pope's second assignment of error is sustained, and the matter is remanded to the trial court to correct the sentencing entry.

## ASSIGNMENT OF ERROR III

[MR.] POPE WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT AT HIS SENTENCING HEARING THAT THE TRIAL COURT COULD NOT [IMPOSE] POST-RELEASE CONTROL UPON [MR.] POPE FOR HIS CONVICTION OF MURDER, AN UNCLASSIFIED FELONY.

{¶24} In his third assignment of error, Mr. Pope argues that he was denied effective assistance of counsel because his attorney failed to object to the imposition of postrelease control. However, given the resolution of Mr. Pope's second assignment of error, we conclude his third assignment of error is moot and decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶25} In overruling Mr. Pope's first assignment of error, sustaining his second assignment of error, and concluding that his third assignment of error is moot, the judgment of the Summit County Court of Common Pleas is affirmed, in part, reversed, in part, and remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

                                                                         _____

                                                                         CARLA MOORE
                                                                         FOR THE COURT

WHITMORE, J.
BELFANCE, P. J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.