[Cite as *State v. Martin*, 2017-Ohio-8851.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 28563 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTOINE MARTIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 1997-04-0793(B) |

DECISION AND JOURNAL ENTRY

Dated: December 6, 2017

CARR, Judge.

{¶1} Defendant-Appellant Antoine Martin appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 1997, a jury found Martin guilty of one count of murder, one count of involuntary manslaughter, and one count of felonious assault. The trial court sentenced him to 15 years to life for murder, 8 years for felonious assault, and 10 years for involuntary manslaughter. The trial court ordered that "the sentences for all three crimes be merged and served concurrently and not consecutively to each other."

{¶3} Martin appealed and this Court affirmed his convictions. *State v. Martin*, 9th Dist. Summit No. 18715, 1999 WL 66211, *1 (Feb. 9, 1999). Thereafter, Martin moved for resentencing arguing that the trial court failed to impose post-release control, thereby rendering his sentence void. Following a hearing, the trial court merged Martin's convictions for felonious

assault and involuntary manslaughter into the conviction for murder and sentenced Martin to fifteen years to life. *State v. Martin*, 9th Dist. Summit No. 25615, 2011-Ohio-5634, ¶ 3. The judgment entry did not mention post-release control. *Id*.

{¶4} On appeal, this Court concluded that "the trial court exceeded its authority by merging the offenses for sentencing[] and [] failed to properly impose post[-]release control[.]" *Id*. at ¶ 9. Accordingly, we vacated the September 10, 2010 judgment entry and determined that Martin's original concurrent sentences remained valid. *Id*. We remanded the matter to the trial court for resentencing to properly impose post-release control. *Id*. Martin was resentenced and post-release control language was included in that entry. Martin appealed and this Court affirmed the judgment. *See State v. Martin*, 9th Dist. Summit No. 26325, 2012-Ohio-4919, ¶ 6.

{¶5} Thereafter, Martin filed additional motions in the trial court. In January 2017, Martin filed a motion to vacate a void sentence pursuant to *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658. Martin argued that, because the trial court in its original sentencing entry had found that his offenses were subject to merger, the trial court's imposition of separate sentences on each of the counts rendered his sentences void. Additionally, Martin asserted that he was entitled to a resentencing hearing. In its memorandum in response, the State conceded the sentences were void and asked that the trial court sentence Martin on the murder count and that it vacate the sentences on the other two counts. The trial court issued an entry wherein it vacated the sentences for felonious assault and involuntary manslaughter and sentenced Martin to 15 years to life for murder.

{¶6} Martin has appealed, raising two assignments of error for our review.

II.

## **ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERR[ED] BY FAILING TO GRANT APPELLANT A HEARING ON RESENTENCING AND ALLOWING THE STATE TO ELECT AN OFFENSE FOR SENTENCING VIA MEMORANDUM[.]

**{¶7}** Martin argues in his first assignment of error that the trial court erred in failing to hold a resentencing hearing and in allowing the State to make its sentencing election via a memorandum.

**{¶8}** In *Williams*, the Supreme Court held that

> when a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void.

*Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 28. This Court recently applied *Williams* to a similar argument under similar facts in *State v. Robinson*, 9th Dist. Summit No. 28488, 2017-Ohio-7380. In *Robinson,* we stated:

> Here, the sentencing entry from 2003 states the trial court's finding that the two counts of aggravated murder and one count of murder (counts one, two, and three, respectively) of which Robinson was convicted are allied offenses of similar import, and the concurrent sentences the trial court imposed for those offenses are therefore contrary to law. *See* [*Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, at] ¶ 28, 32. However, in the State's memorandum in opposition to Robinson's "motion to vacate void sentence, and for resentencing," the State moved the trial court to vacate counts two and three. The State also elected to have Robinson remain sentenced on count one, which is its prerogative. The fact that the State made its election via memorandum as opposed to at a sentencing hearing is immaterial. This is because the State controls which allied offense a defendant will be sentenced on, and the trial court must accept the State's election. *See State v. Workman*, 8th Dist. Cuyahoga No. 93998, 2010-Ohio-4891, ¶ 23-27, quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17-24. Thus, a defendant has no input in the matter. The trial court heeded the State's request and election in this case, thereby vacating counts two and three and re-imposing Robinson's original sentence on count one. Therefore, because the State elected to have

Robinson sentenced for aggravated murder as charged in count one, and the trial court vacated the sentences on the two counts that it had no discretion to impose in the first place, we conclude that a remand for resentencing is unwarranted in this matter.

*Robinson* at ¶ 8.

{¶9} The situation in the instant matter mirrors that in *Robinson*. The trial court in the 1997 sentencing entry ordered that Martin's "three crimes be merged and served concurrently[,]" thereby finding the offenses to be allied. When Martin raised *Williams* in his motion to vacate, the State responded via memorandum, agreeing that *Williams* applied. The State specified that it elected to have Martin sentenced for murder, that the sentence should be 15 years to life (as in the original entry), and that his sentences for felonious assault and involuntary manslaughter should be vacated. The trial court proceeded as the State requested. Based upon *Robinson*, Martin has not demonstrated reversible error in the trial court failing to hold a resentencing hearing and in allowing the State to make the sentencing election in a memorandum. *See id.* at ¶ 8-9.

{¶10} Martin's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE SENTENCE[] ISSUED BY THE TRIAL COURT ON FEBRUARY 8, 2017 IS VOID AS THE COURT FAILED TO ADVISE OR SENTENCE APPELLANT TO A TERM OF POST RELEASE CONTROL[.]

{¶11} Martin argues in his second assignment of error that his sentence is void because the February 8, 2017 entry fails to impose post-release control.

{¶12} In the February 8, 2017 entry, the trial court vacated Martin's sentences for felonious assault and involuntary manslaughter and re-imposed Martin's 15 year to life sentence for murder. Accordingly, the only sentence Martin is subject to is his sentence for murder. This Court has noted that "R.C. 2967.28 governs the imposition of post[-]release control[ and [t]he

statute does not permit the imposition of post[- ]release control on unclassified felonies." (Internal quotations and citations omitted.) *State v. Pope*, 9th Dist. Summit Nos. 26928, 27096, 2014-Ohio-3212, ¶ 21. Murder is an unclassified felony. *Id.* at ¶ 22. "Thus, an individual sentenced for * * * murder is not subject to post[-]release control." (Internal quotations and citations omitted.) *Id.* at ¶ 21. Therefore, there was no error in the trial court's failure to impose post-release control in the entry.

{¶13} Martin's second assignment of error is overruled.

III.

{¶14} Martin's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.